Filed 1/12/26  P. v. Wooden CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC TREMAINE WOODEN,<br><br>    Defendant and Appellant. | B340168<br><br>Los Angeles County<br>Super. Ct. No. BA510095 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Serena R. Murillo, Judge.  Affirmed.

Michael S. Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.  Statutory citations are to the Penal Code.

Shortly before 4:00 a.m. on October 21, 2022, Los Angeles Police Department Officers Perez and Lee responded to a

burglary alarm at 2478 W. Washington Boulevard. There were two businesses at the address, Super Auto and Bob's Tire Town. The property was surrounded by a fence, which remained locked. Officer Lee saw the outer metal door to Bob's Tire Town was pried open and the glass inner door was shattered.

Lee saw two flashlight beams inside the building and heard a conversation between at least two people. He saw one person run out of the building.

A second person remained in the building. Lee described this person as a 5 foot 10 inch tall male with a dark complexion wearing dark clothing. Several minutes later, backup officers arrived. They searched the building and property but were unable to find the person who remained inside. The inside of Super Auto was ransacked. The officers remained on the property until about 6:00 a.m., when the employees began to arrive.

At about 8:00 a.m., the owner of Super Auto moved a car from inside the locked garage to the fenced yard. An employee opened the trunk of the car, saw Wooden, and closed the trunk. He then saw Wooden coming out of the trunk through the back seat. Wooden was wearing dark clothing and gloves. Employees held Wooden until officers returned to arrest him.

Police arrested Wooden and read him his *Miranda* rights. Wooden wrote a statement saying he walked into the open door of the shop late at night and went into the car to sleep.

Wooden testified at trial. There he gave a slightly different explanation: The evening before the burglary, Wooden had arrived at his son's home. His son was not there, so Wooden went to find a place to sleep. He saw a truck in the enclosed lot outside

of Bob's Tire Town, squeezed though the closed gate, and went to sleep in the truck.

Wooden testified he was awakened by police sirens. He got out of the truck and ran into Bob's Tire Town through the already broken glass front door. When he couldn't leave through the shop, Wooden got into the trunk of a car inside the shop garage. He stayed there for several hours. At some point, that car moved, an employee opened the trunk, and Wooden tried to run away. The employees pinned him to the ground and beat him. Wooden testified he was coached by the officer who took his written statement and that is why it differed from his testimony at trial.

The owner of Bob's Tire Town testified and described the damage from the burglary. There was about $30,000 in missing tools and other items. There was also $10,000 in damage to the door and the interior of the business.

The prosecution alleged Wooden committed second degree commercial burglary in violation of section 459 (count one), felony vandalism in violation of section 594, subdivision (a) (count two), and misdemeanor battery in violation of section 242 (count three).

The prosecution alleged four factors in aggravation pursuant to California Rules of Court, rule 4.421 (rule 4.421): Wooden engaged in violent conduct indicating a serious danger to society (subd. (b)(1)); he served a prior prison term (subd. (b)(3)); he was on probation or parole supervision at the time of the offenses (subd. (b)(4)); and he was previously unsuccessful on probation or parole supervision (subd. (b)(5)).

The prosecution dismissed count three prior to trial. A jury convicted Wooden of remaining counts one and two. Wooden waived jury or court trial on the aggravation factors and

admitted he had served a prison prior as defined by rule 4.421, subdivision (b)(3), in exchange for dismissal of the remaining three alleged aggravating factors.

The trial court sentenced Wooden to an aggregate term of two years in state prison. The court imposed the middle term of two years on count one. The court imposed the middle term of two years on count two, but stayed imposition pursuant to section 654. The court gave Wooden credits totaling 96 days and waived all fines and fees based on Wooden's inability to pay.

Wooden appealed.

Wooden's appellate counsel filed an opening brief raising no issues and asking this court to review the record independently under *Wende*. Counsel also advised Wooden of his right to file a supplemental brief for us to consider. Wooden did not file a supplemental brief.

We have examined the entire appellate record. We are satisfied Wooden's counsel fully complied with counsel's responsibilities and no arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

We affirm.


WILEY, J.


We concur:


STRATTON, P. J.          SCHERB, J.


4